IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| CIT BANK, N.A., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:21-cv-42 |
| | § | |
| COY CONSTRUCTION, LLC, | § | |
| GARET COY, and MARIAH COY, | § | |
| | § | |
| *Defendants.* | § | |

## COMPLAINT

Plaintiff CIT Bank, NA ("CIT"), files its Complaint against Defendants Coy Construction, LLC, Garet Coy, and Mariah Coy (collectively, "Defendants") as follows:

### I.
### PARTIES

1. CIT is a National Association formed under the laws of the United States with its principal place of business in Pasadena, California and is therefore a citizen of California for diversity jurisdiction purposes. CIT is qualified to conduct business in the State of Texas.

2. Defendant Coy Construction, LLC ("Coy Construction") is a Texas limited liability company with its principal place of business in Odessa, Texas. Coy Construction, LLC can be served through its registered agent Mariah Lynn Coy at 14 Santa Elena Court, Odessa, Texas 79765 or wherever she may be found.

3. Defendant Garet Coy is an individual who, upon information and belief, is a resident of Ector County, Texas. Garet Coy may be served at 14 Santa Elena Court, Odessa, Texas 79765 or wherever he may be found.

4. Defendant Mariah Coy is an individual who, upon information and belief, is a resident of Ector County, Texas. Mariah Coy may be served at 14 Santa Elena Court, Odessa, Texas 79765 or wherever she may be found.

## II.
## JURISDICTION & VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in the United States District Court for the Western District of Texas, Midland-Odessa Division pursuant to 28 U.S.C. § 1391(b) as this is the district in which Defendant Coy Construction has its principal place of business. Further, this is the District in which, upon information and belief, Garet and Mariah Coy reside, where the acts giving rise to the action occurred, and where the property in question is located.

## III.
## FACTS

7. On or about August 23, 2018, Coy Construction purchased a John Deere 672GP Motor Grader, SN: 1DW672GPVBE641798 from Heavy Equipment Co. (the "Grader") for $154,968.75. In order to obtain financing for the purchase of the Grader, CIT entered into a Master EFA Agreement with CIT wherein it agreed to make monthly payments of $3,167.13 for 60 months.[1]

8. CIT filed a UCC Financing Statement under Filing Number 18-0030036526 with the State of Texas concerning the Grader.[2] CIT has the senior, perfected security interest in the Grader.

---

[1] **Exhibit A-1**, Master EFA Agreement.
[2] **Exhibit A-2**, UCC Financing Statement.

9. In the Master EFA Agreement, Coy Construction agreed it would be in default if it failed to make any required monthly payments.[3] In the event of default, CIT has the right under the Master EFA Agreement to, among other things: (1) cancel the Agreement; (2) require that Coy Construction pay unpaid remaining payments (discounted at 4%) and any late charges, taxes, fees, or interest; (3) sue for any and all amounts due under the Agreement; (4) enter the location where the Grader is held and repossess or remove, or render unusable, the Grader; and (5) hire an attorney to pursue collection.[4] Coy Construction agreed to pay all costs and expenses related to collection or repossession, including attorneys' fees (including fees incurred post-judgment).[5]

10. As part of the financing of the Grader, Defendants Garet Coy and Mariah Coy (collectively, the "Coys") executed a personal guaranty.[6] In the Personal Guaranty, the Coys jointly and severally, and unconditionally personally guaranteed payment of amounts due under the Master EFA Agreement.[7] The Coys agreed that, in the event CIT defaulted on its payment obligations, they would "immediately" pay all sums due under the terms of the Master EFA Agreement.[8] They also agreed to pay all costs, including attorneys' fees incurred in enforcement of the Personal Guaranty.[9]

11. Coy Construction defaulted on its payment obligations under the Master EFA Agreement.[10] Therefore, CIT sent Coy Construction a Notice of Intent to Accelerate on January 8, 2021, indicating that $14,053.57 was due and owing immediately.[11] Coy Construction did not pay the outstanding amounts owed and, therefore, CIT accelerated the amounts due under the Master

---

[3] **Exhibit A-1**, Master EFA Agreement at ¶ 15.
[4] *Id.*
[5] *Id.*
[6] *Id.* at 1.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] **Exhibit A-3**, Notice of Intent to Accelerate.
[11] *Id.*

3

EFA Agreement on January 15, 2021.[12] Despite receiving this Notice, neither Coy Construction nor the guarantors, Garet and Mariah Coy, paid the amounts due under the Master EFA Agreement.[13]

12. At this time, the total amount due and owing under the Master EFA Agreement is $109,507.87. According to CIT's records, all lawful offsets, payments, and credits have been applied to the account in default.[14] Notice to cure was sent to Coy Construction, and the opportunity to cure has expired.[15]

## IV.
## CAUSES OF ACTION

### A.  *Breach of Contract*

13. CIT seeks a judgment for all amounts due under the Master EFA Agreement. CIT and Coy Construction entered into a valid, enforceable contract to finance the purchase of the Grader. CIT performed under the contract by providing the financing for the Grader. Coy Construction breached the contract by accepting and using the Grader but failing to pay the agreed upon contract price. As a result of Coy Construction's breach, CIT suffered damages in the amount of $109,507.87.

14. All conditions precedent to CIT's right to recover under the Master EFA Agreement have been performed or have occurred.

15. Further, the Coys entered into a valid, enforceable Personal Guaranty agreement in order to guaranty Coy Construction's performance under the Master EFA Agreement. The Coys breached that Agreement by failing to pay the amounts due under the Agreement after Coy

---

[12] **Exhibit A-4**, Notice of Acceleration.
[13] **Exhibit A**, Affidavit of Amy Lavoie.
[14] *Id.*
[15] *Id.*

Construction defaulted. As a result of the Coys' breach, CIT suffered damages in the amount of $109,507.87.

16. In addition to monetary damages, CIT seeks a judgment for title and possession of the Grader pursuant to the terms of the Master EFA Agreement and Texas Civil Practice and Remedies Code § 62.001.

## B.  *Attorneys' Fees*

17. Because of Defendants' default on their obligations under the Master EFA Agreement, CIT has been forced to retain legal counsel to collect on this account, which in turn has caused CIT to incur attorneys' fees. CIT is entitled to recover reasonable and necessary attorneys' fees in accordance with the terms of the Master EFA Agreement and pursuant to the Texas Civil Practice & Remedies Code § 38.001.

## C.  *Application for Writ of Sequestration*

18. Contemporaneously with this complaint, CIT seeks a writ of sequestration. As more fully detailed in the application, demand was made upon Coy Construction to relinquish possession of the grader. Notwithstanding that demand, Coy Construction refused to tender possession of the Grader to the secured creditor, CIT. The Grader is easily moved and Defendants have either been untruthful or uncommunicative. Therefore, CIT is rightly and justly concerned that its collateral will be removed, concealed or disposed of to the detriment of CIT.

For these reasons, Plaintiff CIT Bank, NA prays Defendants Coy Construction, LLC, Garet Coy, and Mariah Coy be cited to appear and upon trial, CIT be awarded judgment against Defendants as follows:

a) Actual damages of $109,507.87;

b) Title to and possession of the Grader;

c) Reasonable attorneys' fees and court costs;

d) Pre-judgment and post-judgment interest at the highest statutory rate; and

e) For such other and further relief to which it may be justly entitled.

Respectfully submitted,

**Bradley**

By:    */s/ S. David Smith*
**S. DAVID SMITH**
Texas Bar No. 18682550
Fed. I.D. No. 14233
sdsmith@bradley.com
Bradley Arant Boult Cummings LLP
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0307 Telephone
(713) 576-0301 Telecopier

***ATTORNEYS FOR PLAINTIFF***

OF COUNSEL:

**MELISSA S. GUTIERREZ**
Texas Bar No. 24087648
Fed. I.D. No. 2255351
mgutierrez@bradley.com
Bradley Arant Boult Cummings LLP
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300
(713) 576-0301